UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA VELAZQUEZ, : | |
| : | Civil Action No. 06-2723 (FSH) |
| Plaintiff, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | June 19, 2006 |
| : | |
| JO ANNE BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| : | |

**HOCHBERG, District Judge**

This matter is opened before the Court upon Plaintiff's motion to review a final determination of the Commissioner of Health and Human Services ("Commissioner"), pursuant to Section 205(g) of the Social Security Act, as amended ("Act"), 42 U.S.C. § 405(g).  The motion has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, this Court remands the case to the ALJ for clarification of certain discrepancies in the record.

**BACKGROUND**

The Plaintiff, Maria Velazquez, filed for Supplemental Security Income Benefits ("SSI") on October 23, 2001, alleging disability as of August 1, 2001 due to asthma, headaches, anemia, a back ailment, stress and depression.  (R.16, 44).[1]   Plaintiff submitted a timely request for reconsideration on August 26, 2002 after her initial application was denied.  (R.31).  She

---

[1]"R." refers to the record.

requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 18, 2004. (R.191). On March 11, 2004, the ALJ issued an unfavorable decision. (R.12). The Appeals Council denied Plaintiff's request for review on March 23, 2005. (R.5). Plaintiff then filed the instant complaint seeking reversal, or in the alternative, remand for a new hearing (Pl's. Br. at 22).

At the time of her initial filing, Plaintiff was thirty-eight years old. The record indicates that she has either a ninth grade education or a high school equivalency education. (R.15, 136, 139, 143). Her documented employment history includes clerical work through a welfare work program sometime on or about 1998, volunteer work in a shelter sometime on or about 1997-98, as well as warehouse packing work performed sometime on or about 1989-90. (R.53, 65, 179). The medical evidence indicates that Plaintiff suffers from asthma, back pain, headaches, sinusitis, anemia, anxiety and depression. (R.120, 137, 140, 144). Plaintiff has been hospitalized at least once for a suicide attempt in or around 1998. (R.138, 208-09).

Plaintiff began receiving psychiatric treatment from Dr. Sandoval on June 19, 2002. (R.128). The record reflects a discrepancy as to the frequency of this treatment based on what may be a clerical mistake. Therefore, this Court remands the case for clarification of this discrepancy.

## I.    Standard of Review

In accordance with 42 U.S.C. § 405(g), this Court must review the factual findings of the ALJ to determine whether the administrative record contains substantial evidence for such findings. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). A decision concerning disability benefits must be upheld by the Court if an examination of the record reveals substantial

evidence supporting the ALJ's conclusion. 42 U.S.C. § 405(g).  Substantial evidence is more than a mere scintilla of evidence. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Where evidence in the record is susceptible to more than one rational interpretation, the Court must endorse the Commissioner's conclusion.  *Alexander v. Shalala*, 927 F. Supp. 785, 791 (D.N.J. 1995), *aff'd*, 85 F.3d 611 (3d Cir. 1996) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).  "The ALJ's responsibility is to analyze all evidence and to provide adequate explanations when disregarding portions of it."  *Snee v. Secretary of Health and Human Services*, 660 F. Supp. 736, 739 (D.N.J. 1987) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *Dobrowolski v. Valifano*, 606 F.2d 403, 409 (3d Cir. 1979); *Gober v. Mathews*, 574 F.2d 772, 776 (3d Cir. 1978).

## II.     Standard for Finding of Disability

An individual may be entitled to Social Security Benefits Under Title II of the Social Security Act, upon a finding of disability demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  A disabling impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D).  An individual will be deemed to be disabled only if the impairment is so severe

that he is not only unable to do his previous work, but cannot considering her "age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner of Social Security ("Commissioner") uses the following five-step analysis to determine whether an individual is disabled:

Substantial Gainful Activity.  The Commissioner first considers whether the individual is currently engaged in substantial gainful activity.  If there is such activity, the individual will be found not disabled without consideration of her medical condition. 20 C.F.R. §§ 404.1520(b) and 416.920(b).

Severe Impairment.  If there is no substantial gainful activity, Plaintiff must then demonstrate that she suffers from a severe impairment or combination of impairments that significantly limits her ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).

Listed Impairment.  If Plaintiff demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth at 20 C.F.R. § 404, Subpart P or is equal to a Listed Impairment.  If the individual has such an Impairment, the Commissioner will find the individual disabled without considering Plaintiff's age, education, and work experience.

Past Work.  If the individual does not have a listed impairment, the fourth step is to determine whether, despite her impairment, the individual has the *residual functional capacity* ("RFC") to perform her past relevant work.  Residual function capacity is defined as what the claimant can still do despite her limitations.  20 C.F.R. §§ 404.1545(a) and 416.945(a).  If she

4

does have the capacity to perform past work, the individual will be found not disabled. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

Other Work.  Finally, if the individual is unable to perform work done in the past, the Commissioner then considers the individual's residual functional capacity, age, education, and past work experience to determine if she can do any other work.  If she cannot perform other work, the individual will be found disabled. 20 C.F.R. §§404.1520(g) and 416.920(g).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof.  *Wallace v. Secretary of Health and Human Services*, 722 F.2d 1150, 1153 (3d Cir. 1983).  The claimant bears the burden of production and persuasion through the first four steps; however, if the analysis reaches the fifth step (other work), the Commissioner bears the burden of proving that the individual is capable of performing gainful employment other than the claimant's past relevant work and that jobs which the Plaintiff can perform in light of her RFC exist in substantial numbers in the national economy.  *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).   If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III.   Analysis**

In reaching the determination that Plaintiff was not entitled to disability benefits, the ALJ addressed the above steps, and ultimately concluded the following: (1) Plaintiff is not currently engaged in substantial gainful activity; (2) Plaintiff's severe impairments include asthma, depression and anxiety; (3) Plaintiff's severe impairments do not meet or equal Listings 3.03, 12.04 or 12.06 set forth in 20 C.F.R. § 404, Subpart P; (4) the evidence establishes that Plaintiff

has no past relevant work experience; and (5) Plaintiff's functional limitations allow her to perform medium level work, and therefore there are a significant number of jobs in the national economy that Plaintiff can perform. (R.16-20).

Plaintiff contends that the ALJ erred in his finding that Plaintiff did not meet or equal either Listing 12.04 or 12.06. In order to qualify as impaired under either listing, a claimant must satisfy at least one area of the Part A criteria, while also satisfying two of the four Part B criteria. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.00A. When evaluating the medical evidence to determine whether a Plaintiff meets these criteria, an ALJ ought to give deference to a treating physician's opinion, and weigh it more heavily than the opinion of a non-examining physician. See 20 C.F.R. § 416.927; Dorf v. Bowen, 794 F.2d 896 (3d Cir. 1986). When adopting the opinion of a non-examining physician over that of a treating physician, the ALJ must "set forth the reasons" for his or her decision. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000).

Here, Plaintiff claims that the ALJ adopted the opinion of Dr. Apacible, a non-examining physician, over the contradictory assessment of the treating psychiatrist, Dr. Sandoval. Plaintiff contends that the ALJ failed to adopt Dr. Sandoval's assessment of her concentration and social functioning limitations, while instead following Dr. Apacible's finding that Plaintiff maintained mild limitations in social functioning and moderate limitations in concentration. (Pl. Br. at 16). Dr. Sandoval noted that Plaintiff's "concentration and attention span are poor" and that Plaintiff "has no social interaction." (R.136, 132). The ALJ does not address Dr. Sandoval's findings with regard to Plaintiff's social functioning limitations and states only that "there is no evidence of marked restrictions of. . . social functioning." (R.17). The ALJ does credit Dr. Sandoval's

finding that Plaintiff possesses "limitations in concentration and attention span." (R.18). Nevertheless, the ALJ seems to reject the credibility of Dr. Sandoval's assessment stating that "Dr. Sandoval reported in October 2003 that he last examined the claimant in October 2002. This does cast some doubt on the ongoing psychiatric care the claimant has alleged." (R.18).

The ALJ's reliance on the October 30, 2002 date to challenge the ongoing nature of Dr. Sandoval's treatment and his ability to assess Plaintiff's condition may be based on a clerical error. Plaintiff's September 27, 2004 letter to the Appeals Council supports such a finding. The letter maintains that the ALJ's reliance on the October 2002 date as evidence that psychiatric treatment was not ongoing is a mischaracterization of a clerical error. (R.187). While Dr. Sandoval's evaluation form does list October 30, 2002 as the date of Plaintiff's most recent visit, he also notes twice on the form that he sees Plaintiff once per month. (R.128-29). In addition, the evaluation form was filled out on October 30, 2003, which suggests that the October 30, 2002 date written on the first page may have been a typographical error.

In order to ascertain whether Dr. Sandoval's opinion may have been accorded reduced credibility based on a clerical error, this case is remanded for clarification of this issue.

## CONCLUSION

For the reasons stated in this opinion, and after a careful review of the record, the ALJ's decision is remanded for clarification. On remand, the ALJ should clarify Plaintiff's treatment history with Dr. Sandoval, and more clearly state the reasons for rejecting or adopting each physician's assessments when determining if Plaintiff meets or equals a listed impairment at Step 3. An appropriate order remanding the decision will be issued.

/s/ Faith S. Hochberg
Faith S. Hochberg